# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ELIZABETH DILLON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0315**  (BOR Appeal No. 2047519)
(Claim No. 2010133097)

**LOGAN REGIONAL MEDICAL CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Elizabeth Dillon, by J. Robert Weaver, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Logan Regional Medical Center, by Lisa W. Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2013, in which the Board affirmed a July 18, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 2, 2010, decision granting Ms. Dillion a 0% permanent partial disability award, and instead granted her a 5% permanent partial disability award. Additionally, the Office of Judges affirmed a January 19, 2011, claims administrator's decision denying Ms. Dillion's request to add cervical strain as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Dillon was injured in the course of her employment on May 1, 2010. Immediately following the injury, she was evaluated in Logan Regional Medical Center's emergency department and was diagnosed with a thoracic sprain and lumbar sprain. On May 13, 2010, the claims administrator held the claim compensable for a thoracic sprain and a lumbar sprain. On August 17, 2010, Mohammed Ranavaya, M.D., performed an independent medical evaluation.

1

He found that Ms. Dillon sustained 0% whole person impairment as a result of her thoracic spine injury. He was unable to obtain valid range of motion measurements for the lumbar spine. He opined that his objective medical findings reveal a normal cervical spine. Dr. Ranavaya further stated that there is no credible or reliable medical evidence contained in Ms. Dillon's record indicating that she has developed cervical spine problems as a result of the May 1, 2010, injury and noted that she reported no cervical spine symptoms or complaints at the time of his evaluation. On November 2, 2010, the claims administrator granted Ms. Dillon a 0% permanent partial disability award based on Dr. Ranavaya's evaluation.

Ms. Dillon subsequently sought treatment from Panos Ignatiadis, M.D., who stated in a June 7, 2011, treatment note that Ms. Dillon reported injuring her lower back at work on May 1, 2010, and later developing neck pain. Dr. Ignatiadis opined that a cervical spine MRI revealed canal stenosis initially caused by degenerative changes and aggravated by the May 1, 2010, injury. On July 1, 2011, Dr. Ignatiadis authored a letter stating that Ms. Dillon is currently experiencing neck and back pain which she relates to a fall at work on May 1, 2010. He further states that as a result of Ms. Dillon's complaints, he is relating the spinal canal stenosis seen on an MRI to the May 1, 2010, injury.

On January 19, 2011, the claims administrator denied Ms. Dillon's request to add cervical strain as a compensable component of the claim. Prasadarao Mukkamala, M.D., performed an independent medical evaluation on March 9, 2012, and found that Ms. Dillon sustained 0% whole person impairment as a result of her thoracic spine injuries and sustained 5% whole person impairment as a result of her lumbar spine injuries.

In its Order, the Office of Judges reversed the claims administrator's November 2, 2010, decision granting Ms. Dillon a 0% permanent partial disability award, and held that she is entitled to a 5% permanent partial disability award for her lumbar spine injuries and a 0% permanent partial disability award for her thoracic spine injuries based on the opinion of Dr. Mukkamala. In its Order, the Office of Judges also affirmed the claims administrator's January 19, 2011, decision denying Ms. Dillon's request to add cervical strain as a compensable component of the claim. Ms. Dillon has not appealed the decision granting her a 5% permanent partial disability award. Therefore, the sole issue in the instant appeal is the compensability of the cervical spine.

In its Order, the Office of Judges noted that Dr. Ranavaya opined that he found no evidence that Ms. Dillon was currently experiencing, or had ever experienced, cervical spine symptoms. Further, Dr. Mukkamala opined that the only conditions that should be held compensable in the instant claim based on Ms. Dillon's medical record are sprains of the thoracic and lumbar spine. Additionally, the first mention in the evidentiary record of symptoms in Ms. Dillon's cervical spine does not occur until April 19, 2011, when Bruce Guberman, M.D., performed an independent medical evaluation nearly one year after the compensable injury. The Office of Judges went on to find that the evidence of record does not support the addition of a soft tissue injury, such as a cervical sprain, as a compensable component of the claim more than one year after the initial date of injury. Finally, the Office of Judges concluded that Ms. Dillon's current complaints of cervical spine pain are not a result of the May 1, 2010, compensable injury.

2

The Board of Review reached the same reasoned conclusions in its decision of February 25, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II